UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GEORGE E. BRAUN, JR. and ELLEN C. BRAUN,

                              Plaintiffs,

-against-

JAMESTOWN BOAT YARD, INC.,

                              Defendant.
------------------------------------------------------------------x

**VERIFIED COMPLAINT**

Docket No.: 08 CIV 6130 (BSJ)

ECF CASE

Plaintiffs, GEORGE E. BRAUN, JR. and ELLEN C. BRAUN, by their attorneys, THE LAW OFFICES OF DONALD T. RAVE, for their Verified Complaint against the Defendant, JAMESTOWN BOAT YARD, INC., herein allege upon information and belief as follows:

### JURISDICTION

**FIRST:**   This is a case of admiralty and maritime jurisdiction, and is an admiralty and maritime claim within the meaning of 28 U.S.C.A. § 1333, 46 U.S.C.A §31343, Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules of Certain Admiralty and Maritime Claims. Plaintiffs invoke the maritime procedures specified in Fed. R. Civ. P., Rule 9(h).

### THE PARTIES

**SECOND:**   Plaintiffs are individuals, domiciled and residing at 343 Sound Beach Avenue, Old Greenwich, Connecticut 06870.

**THIRD:**   Plaintiffs are the record owners of a 1999 Swan sailing yacht named

1

"ATHENA," bearing Hull Identification No. SWN4019C999 and United States Coast Guard Official Number 1077050 and referred to hereinafter as S/Y "ATHENA."

**FOURTH:** "ATHENA" is presently located within this judicial district and therefore within the jurisdiction of this Honorable Court.

**FIFTH:** At all times hereinafter mentioned, defendant JAMESTOWN BOAT YARD, INC., (hereinafter referred to as "JBY" or "the boatyard") was and now is a corporation organized under the laws of the one of the United States of America, which is doing business within the State of Rhode Island and has its principal place of business located at 60 Racquet Road, Jamestown, Rhode Island, 02835.

## VENUE

**SIXTH:** Pursuant to 46 U.S.C.A §31343(c)(2), venue is proper in this judicial district based upon location of S/Y "ATHENA" within this judicial district inasmuch as plaintiffs bring the within action seeking a declaration that the sailing vessel is not properly the subject of a Notice of Claim of a Lien filed against it by the defendant.

## THE FACTS AND CLAIMS

**SEVENTH:** Plaintiffs, GEORGE E. BRAUN, JR. and ELLEN C. BRAUN, repeat and reallege each and every allegation set forth at paragraphs "FIRST" through "SIXTH", inclusive, of this Verified Complaint with the same force and effect as if fully set forth hereat.

**EIGHTH:** The S/Y "ATHENA" arrived at the boat yard in or about the Fall of 2004 where she was stored for the Winter season (2004-2005).

NINTH: Commencing the shortly after the sailing yacht arrived at the boat yard, plaintiffs asked the Defendant to do routine maintenance and other work on the sailing yacht.

TENTH: Commencing in the Spring of 2005, plaintiffs noticed and began to notify Defendant that work requested of it had not been done and/or was not done properly, and they also began to raise specific concerns to JBY in connection with billing for all of the above.

ELEVENTH: Plaintiffs' complaints to JBY concerning its quality of work and its failure to do work as requested continued from April through July 2006, with plaintiffs also referencing specific instances of JBY's failure to handle properly the sailing yacht and her equipment as well as its failure to take steps to avoid damage to the sailing yacht and/or its equipment.

TWELFTH: As a result of defendant's faulty work and its failure to perform work, plaintiffs were forced to have third parties complete or do over the work that JBY had failed to do or had done improperly and to pay those third parties for such work.

THIRTEENTH: In August 2005, plaintiffs paid to JBY $5,898.77 in spite of their dissatisfaction with JBY's work, and both before and after that time, plaintiffs repeatedly attempted to discuss with representatives from JBY the remaining disputed amounts.

FOURTEENTH: Representatives from JBY did not act in good faith to attempt to resolve the disputed amounts being billed to plaintiffs, but instead on August 23, 2006, defendant filed a purported Notice of Claim of Lien against S/Y "ATHENA" with the National Vessel Documentation Center ("NVDC") in the amount of $5,620.26.

**FIFTEENTH:** Defendant's purported Notice of Claim of Lien is invalid because it recites a fraudulently inflated amount claimed to be due to it (as evidenced by defendant's own invoices) and, additionally, because Defendant failed to follow the statutory procedure mandated for filing said Notice of Claim of Lien, by falsely representing on the August 23, 2006 notice of claim of lien that a copy of the Notice had been mailed to the owner of the vessel.

**SIXTEENTH:** Defendant's refusal to attempt to try to resolve the disputed amount due and its instead filing a fraudulent Notice of Claim of Lien against the S/Y "ATHENA" demonstrates bad faith. By contrast, plaintiffs have continued to attempt to resolve this dispute by tendering to defendant the amount of $2,076.38 in full and final satisfaction of the disputed amount due, which tender has not been accepted by Defendant.

**SEVENTEENTH:** Defendant's failure to act in good faith is a proper basis for awarding plaintiffs their attorneys' fees in bringing this action pursuant to 46 U.S.C.A. §31343(c)(2), inasmuch as that statute provides that the court may award to the prevailing party attorneys' fees "unless . . . the court finds that the position of the other party was substantially justified . . . ."

**WHEREFORE,** Plaintiffs, GEORGE E. BRAUN, JR. and ELLEN C. BRAUN, respectfully request that judgment be entered in their favor and against the Defendant JAMESTOWN BOATYARD, INC., as follows:

1. Declaring that the purported notice of claim of lien dated August 23, 2006 and recorded as batch No.: 528760 and document ID No.: 5973531 is void *ab initio*;

2. Ordering that the National Vessel Documentation Center strike such

Notice of Claim of Lien from its records;

3. Ordering the Defendant to pay plaintiffs the cost of having third parties do work that plaintiffs had not done or had not done correctly;

4. Declaring that plaintiffs' have no further financial liability to Defendant other than that they which have already paid to it;

5. Ordering the Defendant to pay plaintiffs' reasonable attorneys' fees and all costs associated with this action;

6. Ordering that pre-judgment interest be awarded to plaintiffs on the amount awarded to them, in accordance with applicable maritime law;

7. Ordering Defendant to have removed any negative reports to any and all of the credit agencies in either of the plaintiffs' names which it may have made; and

8. Ordering that plaintiffs have such other and further relief as may appear to the Honorable Court just and proper in the premises.

Dated: Locust Valley, New York
June 16, 2008

> The Law Offices of Donald T. Rave
>
> By /s/ Stacey Tranchina
> Stacey Tranchina (S.T. 3786)
> Office and P.O. Address
> 11 The Plaza
> Locust Valley, New York 11560
> 516-671-1295
> 516-671-1294 (Telefax)

To: JAMESTOWN BOAT YARD, INC.
60 Racquet Road
Jamestown, RI 02835

## VERIFICATION

STATE OF NEW YORK     )
                                          ss:
COUNTY OF NEW YORK  )

GEORGE E. BRAUN, JR., being duly sworn, deposes and states as follows:

1. I am one of the plaintiffs named in the within Verified Complaint and I have read the contents of such Verified Complaint.

2. I know the statements set forth therein to be true based upon my own personal knowledge, with the exception of those matters stated to be true based upon my information and belief, and as to those matters, I believe them to be true.

_____
George E. Braun, Jr.

Sworn to me this 16th day
of June, 2008

_____
Notary Public

THOMAS BODDIE
Notary Public, State of New York
No. 01BO6142000
Qualified in New York County
Commission Expires March 13, 2010

6